## ALABAMA SJIS CASE DETAIL


alacourt.com

County: **03**     Case Number: **CV-2022-901519.00**     Court Action:
Style: **CHRISTOPHER D. TAYLOR V. PRESCOTT LAYNE ELAM ET AL**

**Real Time**

### *Case Action Summary*

| Date: | Time | Code | Comments | Operator |
|-------|------|------|----------|----------|
| 12/8/2022 | 7:55 AM | ECOMP | COMPLAINT E-FILED. | SAM023 |
| 12/8/2022 | 7:55 AM | FILE | FILED THIS DATE: 12/08/2022          (AV01) | AJA |
| 12/8/2022 | 7:55 AM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 12/8/2022 | 7:55 AM | ASSJ | ASSIGNED TO JUDGE: BROOKE E REID          (AV01) | AJA |
| 12/8/2022 | 7:55 AM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 12/8/2022 | 7:55 AM | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 12/8/2022 | 7:55 AM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 12/8/2022 | 7:55 AM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 12/8/2022 | 7:55 AM | C001 | C001 PARTY ADDED: TAYLOR CHRISTOPHER D.          (AV02) | AJA |
| 12/8/2022 | 7:55 AM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 12/8/2022 | 7:55 AM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 12/8/2022 | 7:55 AM | C001 | LISTED AS ATTORNEY FOR C001: SAMUELS BOOTH GORDON | AJA |
| 12/8/2022 | 7:55 AM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 12/8/2022 | 7:55 AM | D001 | D001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 12/8/2022 | 7:55 AM | D001 | D001 PARTY ADDED: ELAM PRESCOTT LAYNE          (AV02) | AJA |
| 12/8/2022 | 7:55 AM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 12/8/2022 | 7:55 AM | D001 | PROCESS SERVE ISSUED: 12/08/2022 TO D001    (AV02) | AJA |
| 12/8/2022 | 7:55 AM | D002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 12/8/2022 | 7:55 AM | D002 | D002 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 12/8/2022 | 7:56 AM | D002 | D002 PARTY ADDED: JLE INDUSTRIES, INC.          (AV02) | AJA |
| 12/8/2022 | 7:56 AM | D002 | CERTIFIED MAI ISSUED: 12/08/2022 TO D002    (AV02) | AJA |
| 12/8/2022 | 7:56 AM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |
| 12/13/2022 | 12:21 PM | D002 | SERVICE OF CERTIFIED MAI ON 12/13/2022 FOR D002 | AJA |
| 12/13/2022 | 12:22 PM | ESERC | SERVICE RETURN - D002 - COMPLAINT | |

 **END OF THE REPORT**

**EXHIBIT**

1

ELECTRONICALLY FILED
12/8/2022 7:55 AM
03-CV-2022-901519.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

State of Alabama
Unified Judicial System

Form ARCiv-93   Rev. 9/18

**COVER SHEET
CIRCUIT COURT - CIVIL CASE**
(Not For Domestic Relations Cases)

Case Number: 03
Date of Filing: 12/08/2022   Judge Code:

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
### CHRISTOPHER D. TAYLOR v. PRESCOTT LAYNE ELAM ET AL

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☐ Business ☑ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** SAM023   Date: 12/8/2022 7:55:31 AM   /s/ BOOTH G. SAMUELS
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☐ NO

ELECTRONICALLY FILED
12/8/2022 7:55 AM
03-CV-2022-901519.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CIVIL ACTION NO.:_____

**CHRISTOPHER D. TAYLOR, an individual,**

      **Plaintiff,**

**v.**

**PRESCOTT LAYNE ELAM, an individual; JLE INDUSTRIES, INC.; a corporation; Fictitious Defendant 1, whether singular or plural, that entity or those entities who provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; Fictitious Defendant 2, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; Fictitious Defendant 3, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this suit; Fictitious Defendant 4, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this suit; Fictitious Defendant 5, that entity or those entities for whom the driver of the motor vehicle which collided with Plaintiff's vehicle was performing some type of service or employment duty at the time of this collision; Fictitious Defendant 6, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff on the occasion made the basis of this suit (including, but not limited to, uninsured/underinsured motorist coverage); Fictitious Defendant 7, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this suit, for the driver of each respective motor vehicle or for any of the named fictitious party defendants listed or described herein; Fictitious Defendant 8, whether singular or plural, individual or entity, whose acts, actions or omissions caused or contributed to the injuries and damages to plaintiff alleged herein or has liability to plaintiff for the damages alleged herein.**

**Plaintiff avers that the identities of the fictitious party defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained.**

      **Defendants.**

## COMPLAINT

### I.

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff CHRISTOPHER DAVID TAYLOR is an individual resident citizen of Buncombe County, North Carolina, and has been at all material times referred to herein.

2.    Defendant PRESCOTT LAYNE ELAM, upon information and belief, is an individual resident citizen of Polk County, Texas, and has been at all material times referred to herein.

3.    Defendant, JLE INDUSTRIES, INC., is a limited liability corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Fayette County, Pennsylvania.

4.    Fictitious defendant(s) 1, 2, 3, 4, 5, 6, 7, and 8, is/are believed to be a resident citizen(s), municipality, and/or a corporation doing business in Montgomery County, Alabama, at all material times referred to herein.

5.    The automobile collision which forms the basis of this suit occurred in Montgomery County, Alabama.

6.    Plaintiff is seeking compensation well in excess of this Court's jurisdictional minimum limits.

### II.

### FACTS

7.    On or about March 2, 2021, Christopher Taylor was operating a motor vehicle upon a public road, Interstate 85, located in Montgomery County, Alabama.

8.      At the same time, the Defendant Prescott L. Elam, was operating a commercial vehicle on Interstate 85.

9.      The Defendant Elam was operating his motor vehicle within the line and scope of his employment for Defendant JLE Industries, Inc., and/or as agent, servant, or employee of Defendant JLE Industries, Inc.

10.     The Defendant Elam attempted to change lanes on Interstate 85 which caused the vehicle he was operating to collide into Plaintiff's vehicle.

11.     The Defendant, JLE Industries, Inc., was the owner of the vehicle being operated by Defendant Elam.

12.     As a direct and proximate cause of the Defendants', both named and fictitious, actions and/or omissions, Christopher Taylor was severely and permanently injured about his body.

### III.

### COUNT I
### NEGLIGENCE/WANTONNESS AS TO DEFENDANT ELAM

13.     The Plaintiff avers that Defendants, Prescott Elam and fictitious party defendants, acted negligently and/or wantonly in causing the collision in question and, as a proximate consequence of said negligence and/or wantonness, the Plaintiff has been injured and damaged and permanently injured and permanently damaged.

### COUNT II
### RESPONDEAT SUPERIOR

14.     The Plaintiff avers that all of his injuries and damages were proximately caused by the negligence, willfulness, recklessness, and/or wantonness of the Defendant JLE Industries, Inc., and fictitious party defendants, acting by and through its agent, servant, or employees, including but not limited to Defendant Elam.

## COUNT III
## NEGLIGENCE/WANTONNESS AS TO DEFENDANT
## JLE INDUSTRIES, INC.

15.     The Plaintiff avers that all of his injuries and damages were proximately caused by the negligence, recklessness, and/or wantonness of the Defendant JLE Industries, Inc., and fictitious party defendants.

16.     The negligence, willfulness, recklessness, and/or wantonness of the Defendant JLE Industries, Inc., and fictitious party defendants, includes, but is not limited to, the following specific acts:

>        (a) It failed to train its driver;

>        (b) It failed to supervise its driver;

>        (c) It retained its driver;

>        (d) It hired its driver;

>        (e) It entrusted its driver with a vehicle;

>        (f) It failed to inspect, maintain, and/or repair the truck in proper and safe working order; and

>        (h) It was otherwise willful, reckless, wanton, and/or negligent.

## FICTITIOUS PARTY DEFENDANTS

17.     This count of the Complaint is the fictitious party count. Those defendants liable under this count are those defendants who or which are liable to Plaintiff under any theory of law advanced in this Complaint or in any amended Complaint, and includes those defendants which Plaintiff has attempted to describe in the style or caption of the Complaint. These defendants are otherwise unknown at this time but will be added by amendment when ascertained.

## IV.

## INJURIES AND DAMAGES

18.     As a result of the incident which is the subject of this action, Christopher Taylor

has suffered and seeks to recover for the following injuries and damages:

(a)     Past medical bills;

(b)     Future medical bills;

(c)     Past lost wages;

(d)     Future lost wages and fringe benefits;

(e)     Mileage and other expenses incidental to receiving treatment and care for his
        injuries;

(f)     Past physical pain and mental anguish;

(g)     Future physical pain and mental anguish;

(h)     Permanent physical impairment and disability;

(i)     Property damage, and;

(j)     He has otherwise been injured and damaged.


19.     The Plaintiff seeks to recover a sum that will fairly and fully compensate him for

his damages. Because of the severity of his injuries, the Plaintiff expects such fair compensation

to be well in excess of the jurisdictional minimums of this Court.

20.     As a direct result of the willfulness, wantonness, and recklessness of the actions of

the Defendants, both named and fictitious, the Plaintiff further seeks an award of punitive

damages in a sum sufficient to punish and deter the conduct of one or all Defendants. Plaintiff

seeks punitive damages in an amount that is determined to be reasonable and fair by a jury of

Plaintiff's peers.

ELECTRONICALLY FILED
12/8/2022 7:55 AM
03-CV-2022-901519.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

## CIVIL ACTION NO.:_____

**CHRISTOPHER D. TAYLOR, an individual,**

      **Plaintiff,**

v.

**PRESCOTT LAYNE ELAM, an individual; JLE INDUSTRIES, INC.; a corporation; Fictitious Defendant 1, whether singular or plural, that entity or those entities who provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; Fictitious Defendant 2, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; Fictitious Defendant 3, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this suit; Fictitious Defendant 4, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this suit; Fictitious Defendant 5, that entity or those entities for whom the driver of the motor vehicle which collided with Plaintiff's vehicle was performing some type of service or employment duty at the time of this collision; Fictitious Defendant 6, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff on the occasion made the basis of this suit (including, but not limited to, uninsured/underinsured motorist coverage); Fictitious Defendant 7, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this suit, for the driver of each respective motor vehicle or for any of the named fictitious party defendants listed or described herein; Fictitious Defendant 8, whether singular or plural, individual or entity, whose acts, actions or omissions caused or contributed to the injuries and damages to plaintiff alleged herein or has liability to plaintiff for the damages alleged herein.**

**Plaintiff avers that the identities of the fictitious party defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained.**

      **Defendants.**

## PLAINTIFF'S INTERROGATORIES
## TO DEFENDANT PRESCOTT LAYNE ELAM

COMES NOW the Plaintiff, pursuant to Rule 33 of the Alabama Rules of Civil Procedure, and propounds the following interrogatories to Defendant, Prescott Layne Elam, to be answered within forty-five (45) days from the date of service:

1.      Please state your full name, address, occupation and present employment.

2.      State whether or not you were the operator or an occupant of a vehicle which was involved in a collision on March 2, 2021.

3.      State the name and address of the owner and all occupants of the vehicle which you were operating.

4.      State where you had been just prior to the collision, where you were going at the time of the collision, and the purpose of the trip.

5.      State the name and address of each person, including experts, having any knowledge of relevant facts related to the collision which is the basis of this suit, its cause or the damages resulting from it.

6.      State the name and address of any potential party to this lawsuit, not already a party hereto.

7.      State the full name, address and qualifications of each expert whom you expect to call as an expert witness at the trial of this case, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion expected to be expressed by such an expert, and attach

a copy of any report, including factual observations and opinions, which has been prepared by any such expert.

8.    Please state whether or not you have a copy of any statement which the plaintiff has previously made concerning the action or its subject matter and which is in your possession, custody, or control.  (For the purpose of this question, a statement previously made is (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcript thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded).

9.    Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person insured, the name of the insurer, and the amount of any liability insurance coverage.

10.    Describe in your own words how the collision occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which this contention is based.

11.    State the speed of your vehicle at all times material to the collision in question, including specifically your speed at the time of impact, and if your brakes were on at the time of impact, please state your speed before applying your brakes.

12.    State in detail what intoxicating beverages, if any, you had consumed and what drugs or medications, if any, you had taken during the twenty-four-hour period immediately preceding the collision.

13.    Describe in detail what damage, if any, was done to your vehicle in the collision, and give the cost of repair of your vehicle.

14.    Describe in detail what injuries, if any, you received in the collision.  If so, please list the medical providers from which you received treatment for accident related injuries, listing specifically EMS and emergency rooms on the day of the accident.

15.    Describe in detail any conversations you have had with the plaintiff or plaintiff's representatives following the collision in question.

16.    State your date of birth, driver's license number, social security number, and what other names you have gone by during your lifetime.

17.    Describe any information you have indicating or any reason you have to believe that there was any defect or failure on the part of any vehicle or equipment involved in the collision.

18.    Describe any traffic citation you received as a result of the collision by stating the name and location of the court involved, the violations of the law charged in that citation, and the date, place and manner (i.e., type of plea, bail, forfeit, trial, etc.) of disposition of the citation.

19.    State whether or not you were acting within the course and scope of any agency, employment, or service at the time of collision, and describe the type of relationship of the persons involved.

20.    Describe any criminal record you may have, including the nature of the charge, date and place or arrest, and conviction, if any.

21.    Please provide all cell phone numbers and providers that you currently have, as well as all cell phone numbers and providers that you had at the time of this accident.

22.    Please state whether or not you were on your cell phone (including, calling, texting, web usage, etc.) at the time of this accident.  If not, please state when the last time was that you

used your phone prior to this accident and the first time you used your phone following this accident.

23.    State that court, name of the judge and case number for any criminal charges that were brought against you as a result of your actions on the day in question.  Additionally, state any convictions which stemmed from those charges and any punishment you received.

26.    Does this Defendant contend that it is not properly identified in Plaintiff's Complaint or that service of process was not perfected? If so, state each and every basis for this contention.

Respectfully submitted,

/s/ Christopher A. Keith
CHRISTOPHER A. KEITH (KEI012)
Attorney for Plaintiff
**WETTERMARK KEITH, LLC**
100 Grandview Parkway, Suite 530
Birmingham, Alabama 35243
(205) 933-9500
(205) 747-3879 - Facsimile
chris@wkfirm.com

/s/ Booth Samuels
BOOTH SAMUELS (SAM023)
Attorney for Plaintiff
**WETTERMARK KEITH, LLC**
100 Grandview Parkway, Suite 3530
Birmingham, Alabama 35243
(205) 212-3011
(205) 994-7231 - Facsimile
bsamuels@wkfirm.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

## V.

## JURY DEMAND

21.     The Plaintiff requests a trial by struck jury.


*/s/ Christopher A. Keith*
CHRISTOPHER A. KEITH (KEI012)
Attorney for Plaintiff
**WETTERMARK KEITH, LLC**
100 Grandview Parkway, Suite 530
Birmingham, Alabama 35243
(205) 933-9500
(205) 747-3879 - Facsimile
chris@wkfirm.com



*/s/ Booth Samuels*
BOOTH SAMUELS (SAM023)
Attorney for Plaintiff
**WETTERMARK KEITH, LLC**
100 Grandview Parkway, Suite 530
Birmingham, Alabama 35243
(205) 212-3011
(205) 994-7231 - Facsimile
bsamuels@wkfirm.com


**DEFENDANT TO BE SERVED BY PRIVATE PROCESS SERVER**:

Prescott Layne Elam
585 Old Groveton Road #10
Onalaska, Texas 77360

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL**:

JLE Industries, Inc.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808


**PLEASE SERVE DISCOVERY WITH SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
12/8/2022 7:55 AM
03-CV-2022-901519.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CIVIL ACTION NO.:_____

**CHRISTOPHER D. TAYLOR, an individual,**

      **Plaintiff,**

**v.**

**PRESCOTT LAYNE ELAM, an individual; JLE INDUSTRIES, INC.; a corporation; Fictitious Defendant 1, whether singular or plural, that entity or those entities who provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; Fictitious Defendant 2, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; Fictitious Defendant 3, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this suit; Fictitious Defendant 4, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this suit; Fictitious Defendant 5, that entity or those entities for whom the driver of the motor vehicle which collided with Plaintiff's vehicle was performing some type of service or employment duty at the time of this collision; Fictitious Defendant 6, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff on the occasion made the basis of this suit (including, but not limited to, uninsured/underinsured motorist coverage); Fictitious Defendant 7, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this suit, for the driver of each respective motor vehicle or for any of the named fictitious party defendants listed or described herein; Fictitious Defendant 8, whether singular or plural, individual or entity, whose acts, actions or omissions caused or contributed to the injuries and damages to plaintiff alleged herein or has liability to plaintiff for the damages alleged herein.**

**Plaintiff avers that the identities of the fictitious party defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained.**

      **Defendants.**

**PLAINTIFF'S REQUESTS FOR PRODUCTION
TO DEFENDANT PRESCOTT LAYNE ELAM**

COMES NOW the Plaintiff, pursuant to Rule 33 of the Alabama Rules of Civil Procedure, and propounds the following requests for production to Defendant, Prescott Layne Elam, to be answered within forty-five (45) days from the date of service:

1.      A copy of the defendant's driver's license.

2.      A copy of the title to the vehicle defendant was driving at the time in question.

3.      Any and all photographs that defendant has of the vehicle, parties or scene in question following the collision.

4.      For each expert witness this Defendant plans to call at the trial of this matter, please produce any and all documentation which has been reviewed or consulted by the expert in the contest of this litigation, a copy of each expert's CV, which should contain any and all publications authored by the expert, a copy of any and all billing statements which have been submitted by each expert with regard to his work in the present case, and any and all experts' reports which have been prepared in connection with this lawsuit.

5.      A copy of any damage appraisal made of the defendant's vehicle.

6.      A copy of any repair invoice of the defendant's vehicle.

7.      Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering defendant or the automobile being driven by defendant at the time in question.

8.      Copies of any and all statements previously made by plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the plaintiff hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by plaintiff hereto and contemporaneously recorded.

9.      Any and all drawings, maps or sketches of the scene of the accident which has been made the basis of this lawsuit.

10.     A copy of any contract of employment that would govern any relationship with any other party or bear on the issue of scope of employment.

11.     A copy of any surveillance movies or photographs which have been made of plaintiff.

12.     Any and all photographs that defendant has of the vehicles involved in the collision in question.

13.     Any and all photographs and/or videos that defendant has of the accident, scene of the accident, or any other matter relating to this case.

14.     Copies of any witness statements that are relevant to the collision in question that are not privileged by law.

15.     A copy of any movies, videotape, or other reproduction of the accident scene.

16.     A copy of any survey or plat made of the accident scene.

17.     Any and all books, documents, photographs, or other tangible things which may be used at the time of trial, which may have a bearing on this cause of action.

18.     Any and all documents regarding or relating to the citation offense this Defendant received as a result of the instance made the basis of the Complaint.

19.     Copies of any and all medical records representing treatment received by this

defendant for injuries sustained in this accident, including emergency room records immediately

following this accident.

Respectfully submitted,

*/s/ Christopher A. Keith*
CHRISTOPHER A. KEITH (KEI012)
Attorney for Plaintiff
**WETTERMARK KEITH, LLC**
100 Grandview Parkway, Suite 530
Birmingham, Alabama 35243
(205) 933-9500
(205) 747-3879 - Facsimile
chris@wkfirm.com

*/s/ Booth Samuels*
BOOTH SAMUELS (SAM023)
Attorney for Plaintiff
**WETTERMARK KEITH, LLC**
100 Grandview Parkway, Suite 530
Birmingham, Alabama 35243
(205) 212-3011
(205) 994-7231 - Facsimile
bsamuels@wkfirm.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
12/8/2022 7:55 AM
03-CV-2022-901519.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUN

CIVIL ACTION NO.:_____

**CHRISTOPHER D. TAYLOR, an individual,**

    **Plaintiff,**

**v.**

**PRESCOTT LAYNE ELAM, an individual; JLE INDUSTRIES, INC.; a corporation; Fictitious Defendant 1, whether singular or plural, that entity or those entities who provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; Fictitious Defendant 2, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; Fictitious Defendant 3, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this suit; Fictitious Defendant 4, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this suit; Fictitious Defendant 5, that entity or those entities for whom the driver of the motor vehicle which collided with Plaintiff's vehicle was performing some type of service or employment duty at the time of this collision; Fictitious Defendant 6, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff on the occasion made the basis of this suit (including, but not limited to, uninsured/underinsured motorist coverage); Fictitious Defendant 7, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this suit, for the driver of each respective motor vehicle or for any of the named fictitious party defendants listed or described herein; Fictitious Defendant 8, whether singular or plural, individual or entity, whose acts, actions or omissions caused or contributed to the injuries and damages to plaintiff alleged herein or has liability to plaintiff for the damages alleged herein.**

**Plaintiff avers that the identities of the fictitious party defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained.**

    **Defendants.**

**PLAINTIFF'S INTERROGATORIES
TO DEFENDANT JLE INDUSTRIES, INC.**

COMES NOW the Plaintiff, pursuant to Rule 33 of the Alabama Rules of Civil Procedure, and propounds the following Interrogatories to Defendant, JLE Industries, Inc., to be answered within forty-five (45) days from the date of service:

1.    What factors, if any, does this Defendant contend contributed to the incident that forms the basis of this lawsuit?

   **ANSWER**:

2.    State the name and present address of all persons known to you or your agents who witnessed the accident which is the subject matter of this litigation.

   **ANSWER**:

3.    State the name, address, and telephone number of all persons known to this Defendant that possess knowledge regarding any facts or circumstances surrounding this lawsuit.

   **ANSWER**:

4.    State in detail all training provided by this Defendant to Defendant Elam.

   **ANSWER**:

5.    Regarding Defendant Elam state the following:

   (a).    The dates of employment with this Defendant;

   (b).    His job title and job duties for the Defendant;

   (c)    If he is no longer employed by the Defendant, state in detail (1) the last date he worked for the Defendant; (2) whether his employment was terminated by the Defendant; and (3) the reasons, if any, his employment was terminated; and

   (d)    Whether this Defendant had been notified that Defendant Elam had violated any motor vehicle traffic control laws during the preceding ten years from the date of the incidents forming the basis of this lawsuit and if the answer is yes, the dates and types of violations.

   **ANSWER**:

6.      Provide the name, address, and telephone number of the person or persons employed by the Defendant who were responsible for supervising the work of Defendant Elam.

**ANSWER**:

7.      Had Defendant Elam been involved in any previous on the job motor vehicle incidents during his employment with this Defendant before the incident forming the basis of this lawsuit?  If the answer is yes, state the following:

        (a)      The date or dates of the previous automobile accidents;

        (b)      The names of the parties involved; and

        (c)      Whether traffic citations were issued, and if so, the charge of the traffic citation and the disposition of said citations.

**ANSWER**:

8.      Did this Defendant perform a pre-employment background check on employee Defendant Elam?  If the answer is yes, describe in detail the name and address of the person(s) that performed the background check, the type of pre-employment background check performed and the results of the background check.

**ANSWER**:

9.      Has this Defendant been a party to previous lawsuits during the ten-year period preceding the date of the incidents forming the basis of this lawsuit, where allegations were made against the Defendant that one or more of its employees had negligently and/or wantonly operated a vehicle?    If the answer is yes, state the following:

        (a)      The date of the incident;

        (b)      The style of the case, including, the name of the parties, the court where the action was pending, and the civil action number; and

        (c)      The name, address and telephone number of Defendant's employee that was involved.

**ANSWER**:

10.     State the names, addresses, and telephone numbers of all witnesses you will call at the trial of this case.

**ANSWER**:

11.     Provide the name and current address of the dispatcher(s)/supervisors that was responsible for assigning job tasks and dispatching job assignments to Defendant Elam on the date of the incident and during the 30 days preceding the events of this lawsuit.

        **ANSWER**:

12.     Provide the name and address of this Defendant's safety director.

        **ANSWER**:

13.     State in detail the procedure utilized by this Defendant to track and record its drivers work/driving record? Specifically, does this Defendant utilize driver's "paper" logs and/or is a computerized system utilized?  If a computerized system is utilized, please describe the system providing the name of the system, type of system, and software utilized.

        **ANSWER**

14.     Did the Defendant conduct an investigation into the event of the incident that forms the basis of this lawsuit?  If so, please state the names and positions of such employees of the Defendant or other individuals who conducted the investigation.

        **ANSWER**:

15.     State the names, addresses, and telephone numbers of all persons who have given either written or oral statements to the Defendant or to any of its agents or lawyers.

        **ANSWER**:

16.     Identify each person whom you expect to call as an expert witness at the trial of this case and, as to each, describe:

        (a)     Qualifications as an expert;

        (b)     Subject matter upon which said expert is expected to testify;

        (c)     Give a summary of the grounds for each opinion;

        (d)     Identify all documents which have been provided to the expert witness; and

        (e)     Identify all documents prepared by the expert witness which relates to the subject matter of this lawsuit.

        **ANSWER**:

17.     Do you contend that the actions of Defendant Elam contributed in any way to the incidents forming the basis of this lawsuit.  If yes, explain and if no explain.

**ANSWER**:

18.   Does this Defendant contend that the actions or omissions of the Plaintiff contributed, in any way, to the events forming the basis of this lawsuit.  If so, state all facts known to this Defendant that support its contention that Plaintiff's actions or omissions contributed, in any way, to the events of this lawsuit.

**ANSWER**:

19.   Regarding the contents of the truck/vehicle being driven by Defendant Elam on the date of the events forming the basis of this lawsuit, please state the following:

    (a)    The items/contents of the truck;

    (b)    The total weight of the contents/items being hauled in the truck;

    (c)    The location and date where the trucks' contents had been obtained/loaded; and

    (d)    The destination of the truck's contents/items.

**ANSWER:**

20.   From where had Defendant Elam departed prior to the incident forming the basis of this lawsuit and where was Defendant Elam's intended ultimate destination on this date?

**ANSWER**:

21.   Does this Defendant contend that the actions or omissions of any third party not a party to this lawsuit contributed in any way to the events forming the basis of this lawsuit.  If the answer is yes, state the name and address of all third parties.

**ANSWER**:

22.   Regarding the truck/vehicle being operated by Defendant Elam, please state the following:

    (a)    The name and address of the owner of the truck/vehicle;

    (b)    The business relationship between this Defendant and the owner of the truck/vehicle;

    (c)    The date of any leasing agreement entered into between this Defendant and the owner of the truck/vehicle;

    (d)    The location where the truck/vehicle was leased/obtained from by this Defendant and/or its employees/agents; and

    (e)    The length of time and estimated total number of miles that Defendant Elam had driven this truck/vehicle prior to the incident forming the basis of this lawsuit.

23.     State the full name, address, job title, and present employer of each person answering and
        assisting in answering these interrogatories on behalf of this defendant.

        **ANSWER:**

24.     Does this Defendant contend that it is not properly identified in Plaintiff's Complaint or
        that service of process was not perfected? If so, state each and every basis for this
        contention.

        **ANSWER:**



                                    Respectfully submitted,


                                    */s/ Christopher A. Keith*
                                    CHRISTOPHER A. KEITH (KEI012)
                                    Attorney for Plaintiff
                                    **WETTERMARK KEITH, LLC**
                                    100 Grandview Parkway, Suite 530
                                    Birmingham, Alabama 35243
                                    (205) 933-9500
                                    (205) 747-3879 - Facsimile
                                    chris@wkfirm.com


                                    */s/ Booth Samuels*
                                    BOOTH SAMUELS (SAM023)
                                    Attorney for Plaintiff
                                    **WETTERMARK KEITH, LLC**
                                    100 Grandview Parkway, Suite 530
                                    Birmingham, Alabama 35243
                                    (205) 212-3011
                                    (205) 994-7231 - Facsimile
                                    bsamuels@wkfirm.com



                    **PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
12/8/2022 7:55 AM
03-CV-2022-901519.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CIVIL ACTION NO.:_____

**CHRISTOPHER D. TAYLOR, an individual,**

      **Plaintiff,**

**v.**

**PRESCOTT LAYNE ELAM, an individual; JLE INDUSTRIES, INC.; a corporation; Fictitious Defendant 1, whether singular or plural, that entity or those entities who provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; Fictitious Defendant 2, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; Fictitious Defendant 3, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this suit; Fictitious Defendant 4, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this suit; Fictitious Defendant 5, that entity or those entities for whom the driver of the motor vehicle which collided with Plaintiff's vehicle was performing some type of service or employment duty at the time of this collision; Fictitious Defendant 6, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff on the occasion made the basis of this suit (including, but not limited to, uninsured/underinsured motorist coverage); Fictitious Defendant 7, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this suit, for the driver of each respective motor vehicle or for any of the named fictitious party defendants listed or described herein; Fictitious Defendant 8, whether singular or plural, individual or entity, whose acts, actions or omissions caused or contributed to the injuries and damages to plaintiff alleged herein or has liability to plaintiff for the damages alleged herein.**

**Plaintiff avers that the identities of the fictitious party defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained.**

      **Defendants.**

**PLAINTIFF'S REQUESTS FOR PRODUCTION
TO DEFENDANT JLE INDUSTRIES, INC.**

COMES NOW the Plaintiff, pursuant to Rule 33 of the Alabama Rules of Civil Procedure, and propounds the following requests for production to Defendant, JLE Industries, Inc., to be answered within forty-five (45) days from the date of service:

1.  Produce a copy of Defendant Prescott Layne Elam's driver qualification file and/or personnel file.

    **RESPONSE**:

2.  A copy of all written driving tests provided to Defendant Elam during his employment with the Defendant and his answers to those tests.

    **RESPONSE**:

3.  A copy of all written driving tests provided to any employees of the Defendant JLE Industries, Inc. during the five-year period preceding the date of the events forming the basis of this lawsuit and the answer key to those tests.

    **RESPONSE**:

4.  Produce electronic and paper copies of the dispatching records pertaining to the dispatching of job assignments for employee Defendant Elam on the date of the events forming the basis of this lawsuit <u>and</u> for the 30-day period preceding the events of this lawsuit.

    **RESPONSE**:

5.  Produce copies of all telephone and communication logs between this Defendant and Defendant Elam on the date of the incident and the thirty days preceding the date of the incident.

    **RESPONSE**:

6.  Produce copies of the cellular phone records of Defendant Elam for the date of the incident and the two days preceding the date of the incident.

    **RESPONSE**:

7.    Produce copies of the maintenance, inspection, and repair records for the vehicle involved in the incident for the one-year period preceding the date of the incident.

   **RESPONSE**:

8.    Produce copies of the maintenance, inspection, and repair records for the vehicle for the six-month period following the date of the incident.

   **RESPONSE**:

9.    Produce the driver logs of Defendant Elam for the date of the incident and the thirty-day period preceding the date of the incident.

   **RESPONSE**:

10.   Produce an electronic and paper copy of all automatic on board recording devices located on the utility truck vehicle, including but not limited to GPS devices, QUALCOMM's, and OMNITRACS,  for the day of the incident and for the thirty day period preceding the incident.

   **RESPONSE:**

11.   Produce a complete copy of this Defendant's investigative file pertaining to this incident.

   **RESPONSE**:

12.   Produce a copy of all incident reports, including but not limited to governmental agency reports, completed concerning this incident.

   **RESPONSE**:

13.   Produce an electronic and paper copy printout of all on-board surveillance cameras, trip records, and collision warning system devices (black boxes) pertaining to the date of the incident.

   **RESPONSE**:

14.   Produce color copies of all photographs, diagrams, or drawings of the scene of the incident or of the vehicle involved in the incident.

   **RESPONSE**:

15.   A copy of any and all insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment that

may be entered against this Defendant. This includes any and all umbrella and excess policies.

**RESPONSE**:

16.    All documents, photographs, and/or records that support this Defendant's contention that the Plaintiff was negligent or that the actions of some third party contributed to causing the incident.

**RESPONSE**:

17.    All documents or physical things that this Defendant may introduce as exhibits or use in any manner at the trial of this case.

**RESPONSE:**

18.    Copies of any and all photographs, videotapes, or films depicting the Plaintiff, including, but not limited to, any and all surveillance films taken by this Defendant or persons acting on this Defendant's behalf.

**RESPONSE**:

19.    Produce copies of all motel receipts, gas receipts, and meal receipts of Defendant Elam for the day of the incident forming the basis of this lawsuit and the 30-day period preceding the date of this incident.

**RESPONSE**:

20.    Produce a copy of the vehicle registration documents for the vehicle being operated by Defendant Elam.

**RESPONSE**:

22.    Produce a copy of the title for the vehicle being operated by Defendant Elam.

**RESPONSE**:

Respectfully submitted,


*/s/ Christopher A. Keith*
CHRISTOPHER A. KEITH (KEI012)
Attorney for Plaintiff
**WETTERMARK KEITH, LLC**
100 Grandview Parkway, Suite 530
Birmingham, Alabama 35243
(205) 933-9500
(205) 747-3879 - Facsimile
chris@wkfirm.com



*/s/ Booth Samuels*
BOOTH SAMUELS (SAM023)
Attorney for Plaintiff
**WETTERMARK KEITH, LLC**
100 Grandview Parkway, Suite 530
Birmingham, Alabama 35243
(205) 212-3011
(205) 994-7231 - Facsimile
bsamuels@wkfirm.com



**<u>PLEASE SERVE WITH THE SUMMONS AND COMPLAINT</u>**



AlaFile E-Notice

03-CV-2022-901519.00

To:  BOOTH G. SAMUELS
     bsamuels@wkfirm.com

---

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CHRISTOPHER D. TAYLOR V. PRESCOTT LAYNE ELAM ET AL
03-CV-2022-901519.00

The following complaint was FILED on 12/8/2022 7:55:35 AM

Notice Date:    12/8/2022 7:55:35 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901519.00

To:  PRESCOTT LAYNE ELAM
     585 OLD GROVETON ROAD #10
     ONALASKA, TX, 77360

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CHRISTOPHER D. TAYLOR V. PRESCOTT LAYNE ELAM ET AL
03-CV-2022-901519.00

The following complaint was FILED on 12/8/2022 7:55:35 AM

Notice Date:     12/8/2022 7:55:35 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



USPS CERTIFIED MAIL

9214 8901 7301 4103 2200 0786 73

*251 S. LAWRENCE STREET*
*MONTGOMERY, AL, 36104*

**03-CV-2022-901519.00**

To:  JLE INDUSTRIES, INC.
C/O CORPORATION SERVICE
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### CHRISTOPHER D. TAYLOR V. PRESCOTT LAYNE ELAM ET AL
### 03-CV-2022-901519.00

The following complaint was FILED on 12/8/2022 7:55:35 AM

Notice Date:     12/8/2022 7:55:35 AM

**GINA J. ISHMAN**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36104

334-832-1260

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>03-CV-2022-901519.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**
**CHRISTOPHER D. TAYLOR V. PRESCOTT LAYNE ELAM ET AL**

NOTICE TO: PRESCOTT LAYNE ELAM, 585 OLD GROVETON ROAD #10, ONALASKA, TX 77360

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
BOOTH G. SAMUELS                                                                                                                ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 100 Grandview Place, Suite 530, BIRMINGHAM, AL 35243                                   .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.                                              *(Name(s))*

| 12/08/2022 | /s/ GINA J. ISHMAN | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.     _____

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                          *(Name of County)*

Alabama on _____.

*(Date)*

_____          _____          *(Address of Server)*

*(Type of Process Server)*                *(Server's Signature)*

_____

_____          *(Phone Number of Server)*

*(Server's Printed Name)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>03-CV-2022-901519.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
### CHRISTOPHER D. TAYLOR V. PRESCOTT LAYNE ELAM ET AL

**NOTICE TO:**   JLE INDUSTRIES, INC., C/O CORPORATION SERVICE 251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), BOOTH G. SAMUELS                                                                                                          ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 100 Grandview Place, Suite 530, BIRMINGHAM, AL 35243                                     .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of CHRISTOPHER D. TAYLOR pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 12/08/2022 | /s/ GINA J. ISHMAN | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ BOOTH G. SAMUELS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on                                                      .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in                                              County,

*(Name of Person Served)*                    *(Name of County)*

Alabama on                              .

*(Date)*

*(Type of Process Server)*        *(Server's Signature)*

*(Address of Server)*

*(Server's Printed Name)*

*(Phone Number of Server)*

**UNITED STATES POSTAL SERVICE**

December 13, 2022

Dear Circuit Clerk:

| UJS Information | |
|---|---|
| | Intended Recipient: |
| Case Number: 03-CV-2022-901519.00 | JLE INDUSTRIES, INC.  (D002) |
| Document Type: Complaint | C/O CORPORATION SERVICE |
| Restricted Delivery Requested: No | 251 LITTLE FALLS DRIVE |
| | WILMINGTON, DE 19808 |

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 7301 4103 2200 0786 73**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Individual Picked Up at Post Office |
| **Status Date / Time:** | December 13, 2022, 11:53 am |
| **Location:** | WILMINGTON, DE 19808 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Recipient Signature

Signature of Recipient:

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



AlaFile E-Notice

03-CV-2022-901519.00

Judge: BROOKE E REID

To:  SAMUELS BOOTH GORDON
     bsamuels@wkfirm.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CHRISTOPHER D. TAYLOR V. PRESCOTT LAYNE ELAM ET AL
03-CV-2022-901519.00

The following matter was served on 12/13/2022

D002 JLE INDUSTRIES, INC.

Corresponding To

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901519.00

Judge: BROOKE E REID

To:  ELAM PRESCOTT LAYNE (PRO SE)
585 OLD GROVETON ROAD #10
ONALASKA, TX, 77360-0000

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CHRISTOPHER D. TAYLOR V. PRESCOTT LAYNE ELAM ET AL
03-CV-2022-901519.00

The following matter was served on 12/13/2022

D002 JLE INDUSTRIES, INC.

Corresponding To

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN

CIRCUIT COURT CLERK

MONTGOMERY COUNTY, ALABAMA

251 S. LAWRENCE STREET

MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901519.00

Judge: BROOKE E REID

To:   JLE INDUSTRIES, INC. (PRO SE)
C/O CORPORATION SERVICE
251 LITTLE FALLS DRIVE
WILMINGTON, DE, 19808-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CHRISTOPHER D. TAYLOR V. PRESCOTT LAYNE ELAM ET AL
03-CV-2022-901519.00

The following matter was served on 12/13/2022

D002 JLE INDUSTRIES, INC.

Corresponding To

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260